[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13877
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cv-80798-DMM

CLAUDE LEON FOWLER,

Plaintiff - Appellant,

versus

MARTHA SROKA,
JUDGE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 16, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Claude Leon Fowler, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 claim under 28 U.S.C. § 1915(e)(2). After careful review, we affirm.

## I.    BACKGROUND

Fowler filed a civil suit in Palm Beach County, Florida, 15th Judicial Circuit, against his daughter, Martha Sroka.  In that complaint, as relevant here, he asserted that he was suffering from "loss of consortium and pleasure with his children and grandchildren."  Doc. 1 at 2.[1]  He alleged that "every man has the right and liberty to have a blissful relation with his family and children."  Doc. 1-1 at 4.  The claim allegedly stemmed from an event where Fowler reported his daughter Sroka to Child Protective Services for failing to control her son, "who suffers sibling rivalry and constantly injures his sister."  *Id.* at 6.  Fowler alleged that his daughter took retaliatory action by requiring his family members to stop communication with him.  The presiding Circuit Court judge, Cymonie Rowe, dismissed Fowler's complaint without prejudice.

Fowler then filed a *pro se* complaint in federal district court against Sroka and Rowe.  Citing 42 U.S.C. § 1983, he alleged that "the Florida family law is unconstitutional as applied, and there is no forum for [his] injuries."  Doc. 1 at 1. The district court granted Fowler leave to proceed *in forma pauperis* and *sua*

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

*sponte* performed an initial review of the complaint pursuant to 28 U.S.C. § 1915.

The court determined that Fowler had failed to state a claim for which relief could

be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed the complaint

without prejudice.[2]  Fowler appealed.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's *sua sponte* dismissal for failure to state

a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true

and applying the same standards that govern dismissals under Federal Rule of Civil

Procedure 12(b)(6).  *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008).  We

hold *pro se* pleadings to a less stringent standard than pleadings drafted by

attorneys.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

We may affirm on any ground supported by the record, regardless of whether the

district court relied on that ground.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d

1361, 1364 (11th Cir. 2007).

To avoid dismissal for failure to state a claim, a complaint must contain

sufficient factual matter to state a claim for relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim for relief is plausible on its

face when there is a "reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.*  Fowler's "obligation to provide the grounds of his

---

[2] The district court did not expressly grant Fowler leave to amend the complaint.

3

entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Although we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.    DISCUSSION

Construing Fowler's *pro se* complaint liberally, we conclude that the district court correctly decided his allegations were insufficient to withstand dismissal under § 1915(e)(2)(B)(ii). To succeed on a § 1983 action, the plaintiff must show that a person acting under color of state law deprived him of a federal right. *Stephens v. DeGiovanni*, 852 F.3d 1298, 1314 (11th Cir. 2017). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state, or when the manner of his conduct makes clear that he was asserting state authority and not acting in the role of a private person. *Myers v. Bowman*, 713 F.3d 1319, 1329-30 (11th Cir. 2013). Judges are entitled to absolute immunity from liability "for damages for acts committed within their judicial jurisdiction." *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (internal quotation marks omitted).

Fowler contends that the district court misused its power in finding his complaint malicious and frivolous, but this is merely a conclusory statement. He provides no factual details to support the court's alleged misuse of power.[3] Fowler's complaint also fails to state a § 1983 claim against Sroka. Fowler neither alleges that she is a state official nor that she was acting under the color of state law. Fowler's complaint appears to challenge Rowe's motives for her ruling, but she is entitled to absolute immunity when acting within her judicial capacity. The district court did not err when it dismissed Fowler's suit without prejudice.[4] Because neither Sroka nor Rowe is a proper defendant under § 1983, Fowler failed to state a claim for relief. The district court did not err in dismissing his complaint.

**AFFIRMED.**

---

[3] On appeal, Fowler attached as appendices: (1) the state court order, with leave to amend within 45 days; (2) a notice of electronic filing from the district court closing the present case; and (3) a state court order transferring his amended complaint to the family division of the court. This court does not consider these documents because they do not support the contention that the district court misused its power.

[4] We do not consider the issue of whether the district court erred by not expressly granting Fowler leave to amend. Fowler could have refiled the suit. On appeal, he does not explicitly argue that he should have been allowed to amend his complaint, and therefore he has abandoned this issue. *Timson*, 518 F.3d at 874.